UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN WICKENS,

       Plaintiff,

v.                                                                                            Hon. Sally J. Berens

COMMISSIONER OF                                                      Case No. 1:25-cv-770
SOCIAL SECURITY,

       Defendant.

_____/

## OPINION

In this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g),

Plaintiff seeks judicial review of Administrative Law Judge (ALJ) William G. Reamon's April 3,

2024 Order of Dismissal dismissing Plaintiff's request for a hearing on her August 2022

application for Title II child disability benefits (CDB) on res judicata grounds. The parties have

agreed to proceed in this Court for all further proceedings, including an order of final judgment.

As set forth below, because the Court lacks jurisdiction to review the merits of the case,

and Plaintiff has not alleged a colorable constitutional claim, the Court will dismiss this action.

### I.  Procedural Background

**A.       2007 Claim**

Plaintiff was born on February 20, 1953. On October 31, 2007, when she was

approaching 55 years old, Plaintiff filed an application for Supplemental Security Income (SSI)

under Title XVI of the Social Security Act. (PageID.89, 305.) On January 2, 2008, Plaintiff filed

an application for CDB under Title II of the Social Security Act based on her father's earnings

record, alleging disability beginning February 20, 1953. (PageID.94, 305.) Plaintiff's father had

died in June of 1995, and because Plaintiff was over 18 years old, she had to demonstrate that

she became disabled before she turned 22 years old in February 1975. (PageID.196, 305.) *See* 20 C.F.R. § 404.350(a)(5).

Plaintiff's SSI claim was initially denied in April 2008. The same month, her CDB claim was denied on initial review because she had not demonstrated that she was disabled before reaching age 22. (PageID.36.) On May 18, 2010, ALJ Lovert F. Bassett held a hearing, which Plaintiff, her mother, and her sister attended. Plaintiff was represented by attorney Thomas Stellard. (PageID.47, 89–93.) At the hearing, ALJ Bassett determined that the record contained insufficient evidence to find Plaintiff disabled before she reached age 22 but found Plaintiff disabled as of her October 2007 application date. Based on the attorney's advice and consultation with her mother and sister, Plaintiff withdrew her Title II CDB claim. (PageID.47–50.) ALJ Bassett issued a fully favorable bench decision on Plaintiff's SSI claim that same day, finding her disabled as of October 31, 2007. (PageID.89–91, 305.) Plaintiff did not appeal her withdrawal of her CDB claim, making the April 17, 2008 initial denial the administratively final agency decision. (PageID.36, 305.)

### B.    2022 Claim

On August 24, 2022, when she was nearing age 70, Plaintiff filed a second application for CDB, alleging that she was disabled as of February 20, 1953. (PageID.36, 94.) Her claim was denied initially and on reconsideration. (PageID.100–04, 107–11.) In her request for reconsideration, Plaintiff stated, "my age makes the specific required documentation prior to age 18 impossible to provide." (PageID.111.) Plaintiff requested a hearing before an ALJ, arguing that the symptoms of her disability had been apparent since childhood. (PageID.124.) In Plaintiff's pre-hearing brief, her attorney argued that the prior CDB application should be

reopened based on fraud or similar fault and argued that Plaintiff met Listing 12.10 for autism spectrum disorder beginning February 19, 1971. (PageID.305–08.)

On November 6, 2023, ALJ Reamon held a hearing to examine Plaintiff's arguments on the issues of reopening and whether she had submitted new and material evidence. (PageID.38–87.) On April 3, 2024, ALJ Reamon issued an order dismissing Plaintiff's request for a hearing. (PageID.36–37.) In his order, the ALJ found no evidence of fraud or similar fault warranting reopening. The ALJ explained that his review of the prior hearing showed that Plaintiff's attorney discussed the effects of withdrawing the request for hearing of the CDB claim with Plaintiff's mother and sister and that, after discussing the issue with Plaintiff, all three of them agreed on the withdrawal of the request for hearing for the CDB claim. (PageID.36.) The ALJ further note that ALJ Bassett had explained the difficulty with the CDB claim given the lack of evidence supporting disability prior to Plaintiff's attainment of age 22. (PageID.36–37.) The ALJ thus found no basis for reopening the applications and concluded that the previous determination should remain final because Plaintiff had been represented by an attorney. Finally, the ALJ considered whether the same facts and issues from the prior hearing were involved, found that they were, and also found that no new and material evidence had been submitted and there had been no change in the statute, regulation, ruling, or legal precedent that would warrant a departure from the prior determination. Therefore, the ALJ concluded that *res judicata* applied and dismissed Plaintiff's request for a hearing on that basis. (PageID.37.)

The Appeals Council denied Plaintiff's request for review on April 3, 2024. (PageID.16–17.) Plaintiff initiated this action for judicial review on July 11, 2025.

3

## II. Discussion

Plaintiff raises the following issues in her appeal: (1) whether the ALJ erred in dismissing Plaintiff's 2022 Title II CDB application on the basis of *res judicata*; (2) whether reopening of Plaintiff's prior CDB application was required under 20 C.F.R. § 404.988(c)(1); (3) whether the ALJ erred by failing to consider new and material evidence under 20 C.F.R. § 404.970(b); and (4) whether substantial evidence supports the ALJ's dismissal of Plaintiff's CDB claim. (ECF No. 8 at PageID.1105–06.)

Before the Court may consider Plaintiff's issues, it must assure itself of its jurisdiction to do so. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Moreover, "parties may not waive into or consent to subject matter jurisdiction which a federal court does not properly have by operation of Constitution and Congress." *Universal Consol. Cos. v. Bank of China*, 35 F.3d 243, 247 (6th Cir. 1994) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

The jurisdictional question begins and ends with 42 U.S.C. § 405(g), as it is the only source of federal courts' authority to review benefit determinations under the Social Security Act. The statute provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405. Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Although Section 405(g) limits review to

4

a "final decision of the Commissioner," that phrase is not defined in the statute. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). However, the regulations provide that a claimant must complete a four-step process to obtain a judicially-reviewable final decision. See 20 C.F.R. § 404.900(a)(1)–(4). "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." *Smith v. Berryhill*, 587 U.S. 471, 476 (2019) (citing 20 C.F.R. § 416.1400). "If a claimant has proceeded through all four steps on the merits . . . § 405(g) entitles him to judicial review in federal district court." *Id.* (footnote omitted). Thus, two elements are necessary to enable a federal district court to review decision of the Commissioner pursuant to § 405(g): (1) the Commissioner must issue a final decision; and (2) the claimant must exhaust her administrative remedies. *Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991).

In *Sanders*, above, the Supreme Court held that Section 205(g) does not authorize judicial review of a decision not to reopen a previously-adjudicated claim for benefits. 430 U.S. at 107–08. The Court explained its reasoning as follows:

> [Section 205(g)] clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b) (1970 ed., Supp. V); *see Cappadora v. Celebrezze*, 356 F.2d 1, 4 (CA2 1966); *Ortego v. Weinberger*, 516 F.2d 1005, 1007 (CA5 1975). Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or

belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*Id.* at 108. The Sixth Circuit and other courts have extended *Sanders* to appeals seeking review of the Commissioner's application of *res judicata*. *Bagby v. Harris*, 650 F.2d 836, 838 (6th Cir. 1981); *see Redding v. Apfel*, No. 99-3876, 2000 WL 1529805, at *2 (6th Cir. Oct. 6, 2000) (stating that "a federal district court has no jurisdiction to review the Commissioner's decision to treat a prior administrative denial as res judicata"); *DeLeon v. Sec'y of Health & Human Servs.*, 687 F. Supp. 320, 322 (W.D. Mich. 1987) (noting that "the Sixth Circuit has clearly held that the logic of *Sanders* extends to actions seeking review of the Secretary's denial of a hearing request on *res judicata* grounds").

Citing *Smith v. Berryhill*, 587 U.S. 471 (2019), the Commissioner states that he declines to invoke Section 405(g) as a potential bar to judicial review because he has yet to determine if *Smith* affects his prior position on jurisdiction to review the Commissioner's dismissal of a hearing request or refusal to reopen an application for benefits. (ECF No. 14 at PageID.1139–40.) As set forth above, however, the Court is obligated to examine its jurisdiction regardless of the parties' position. Having reviewed *Smith*, the Court concludes that it did not disturb *Sanders* and has no impact on this case. As summarized in *McBryde v. Bisignano*, No. 4:25-CV-277, 2026 WL 310039 (E.D. Ark. Feb. 5, 2026),

> In *Smith*, the Supreme Court held that where the Appeals Council dismissed a request for review as untimely after a claimant obtained a hearing from the ALJ on the merits, that dismissal qualifies as a "final decision" under § 405(g). 587 U.S. at 489. The Court acknowledged that "[u]nlike a petition to reopen, a primary application for benefits may not be denied without an ALJ hearing . . . Moreover, the claimant's access to this first bite at the apple is indeed a matter of legislative right rather than agency grace." *Id.* at 481 (emphasis added). The *Smith* Court distinguished its holding from that in *Sanders*, *supra*, noting that "Smith is not seeking a second look at an already-final denial; he argues that he was wrongly prevented from continuing to pursue his primary claim for benefits. That primary claim, meanwhile, is indeed a matter of statutory entitlement." 587 U.S. at 485.

*Id.* at \*2. As in *McBryde*, Plaintiff also "is seeking a second look at an already-final denial," which renders "her case . . . more akin to *Sanders* than *Smith*." *Id.* Contrary to Plaintiff's argument, what occurred in *Smith* is not "precisely what occurred here." (ECF No. 15 at PageID.1159.) While it is true that ALJ Reamon afforded Plaintiff a hearing, the hearing pertained to Plaintiff's motion to reopen her CDB application, not her "primary claim for benefits," *Smith*, 587 U.S. at 485, which became final in May 2010. (PageID.36, 41–43.) More importantly, following the hearing, ALJ Reamon issued an order dismissing Plaintiff's request for a hearing on *res judicata* grounds, not a decision on the merits. *See Weaver v. Comm'r of Soc. Sec.*, No. 1:13 CV 303, 2014 WL 1364976, at \*4–5 (N.D. Ohio Mar. 25, 2014) (holding that the ALJ's order dismissing the claimant's request for a hearing on *res judicata* grounds following a hearing was not subject not subject to judicial review because "there [wa]s no original decision denying benefits to review"). Thus, *Smith* does not control the jurisdictional question.

A claimant may still obtain review of an ALJ's decision not to reopen a prior application if the claimant raises a "colorable constitutional claim." *Sanders*, 430 U.S. at 109. In her reply, Plaintiff contends that she has presented such a claim, in particular, that she was denied due process because the record contains no signed withdrawal form and does not reflect a colloquy demonstrating that Plaintiff understood the consequences of withdrawal. (ECF No. 15 at PageID.1151.) Plaintiff further asserts that ALJ Bassett failed meaningfully to evaluate whether her impairments compromised her ability to make a knowing and voluntary decision. (*Id.*)

Plaintiff's argument misses the mark, as the constitutional challenge must relate to the Commissioner's "denial of a petition to reopen." *DeLeon*, 687 F. Supp. at 321. This is so because "[o]therwise, constitutional claims arising out of administrative proceedings could be preserved

indefinitely through requests to reopen." *Jackson v. Comm'r of Soc. Sec. Admin.*, No. 3:22-cv-272, 2023 WL 4605065, at *3 (N.D. Ala. July 18, 2023) (citing *Cherry v. Heckler*, 760 F.2d 1186, 1190 n.4 (11th Cir. 1985)). Regardless, any such claim fails on the merits because under SSR 91-5p, "a colorable mental incapacity claim is established only when the fact of mental incapacity is coupled with a showing of lack of anyone legally responsible for prosecuting the claim." *Anderson v. Comm'r of Soc. Sec.*, 195 F. App'x 366, 369 (6th Cir. 2006). In other words, Plaintiff must show both "mental incapacity and the lack of counsel," *id.* at 369–70, which she cannot do in light of the representation by attorney Stellard at the May 2010 hearing. *See Schorer v. Saul*, No. 5:19-cv-87, 2020 WL 2044729, at *2 (W.D. Ky. Apr. 28, 2020) (finding that because the plaintiff was represented by counsel in connection with her prior application for benefits, the ALJ's decision to rely on *res judicata* and not reopen the prior decision did not give rise to a colorable constitutional claim).

### III.  Conclusion

For the reasons stated above, the Court will dismiss Plaintiff's appeal for lack of jurisdiction.

An order consistent with this opinion will enter.

Dated: May 13, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge